NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE REMBERTO ESCALANTE-ANZORA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-936

Agency No.
A206-146-346

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2024**
Portland, Oregon

Before: CALLAHAN, NGUYEN, and SUNG, Circuit Judges.

Petitioner Jose Remberto Escalante-Anzora, a native and citizen of El

Salvador, seeks review of an order of the Board of Immigration Appeals ("BIA")

affirming a decision by the Immigration Judge ("IJ") denying his applications for

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we affirm.[1]

"Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027-28 (9th Cir. 2019) (cleaned up). "We review factual findings for substantial evidence and legal questions de novo." *Manzano v. Garland*, 104 F.4th 1202, 1206 (9th Cir. 2024) (cleaned up). "Under the substantial evidence standard, factual findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (cleaned up).

To be eligible for asylum, Petitioner "must demonstrate that he has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Duran-Rodriguez*, 918 F.3d at 1028 (citing 8 U.S.C. § 1101(a)(42)). Petitioner does not contest the BIA's conclusion that he waived any challenge to the IJ's determination that Petitioner failed to establish past persecution. Therefore, to be eligible for asylum, Petitioner must establish "a well-founded fear of future persecution." *Gonzalez-Lara v. Garland*, 104 F.4th 1109, 1116 (9th Cir. 2024)

---

[1] Petitioner's pending motion to stay removal, Dkt. 3, is denied as moot. The temporary stay of removal remains in effect until issuance of the mandate.

(citing 8 C.F.R. § 1208.13(b)(2)). "An applicant must establish a well-founded fear of persecution by showing both a subjective fear of future persecution, as well as an objectively reasonable possibility of persecution upon return to the country in question." *Id.* (cleaned up).

Here, substantial evidence supports the BIA's determination that Petitioner failed to establish his fear of future persecution in El Salvador is objectively reasonable. Petitioner alleges a fear of persecution by the Mara Salvatrucha ("MS-13") gang based on two incidents: (1) his former classmate and MS-13 gang member's verbal directive that Petitioner join the gang in 2013, and (2) a threatening WhatsApp message sent by his sister's ex-boyfriend and MS-13 gang member to Petitioner's brother in 2017.

To the extent Petitioner argues that the BIA erred by not considering the gang recruitment attempt in holistically assessing the objective reasonableness of his fear of future persecution, we disagree. Petitioner did not challenge dispositive findings regarding this particular incident before the BIA, but even if he did, the entirety of the exchange appears to be the former classmate's statement that Petitioner "had to belong to the gang." The classmate did not demand an answer at that time or detail the consequences if Petitioner refused to comply. Although the classmate carried a gun, he did not point the firearm at Petitioner. Petitioner fled the country shortly afterwards, without answering. Petitioner's fear of future

3

persecution based on his former classmate telling him he "had to belong to the gang" is thus not objectively reasonable.

As for the second incident, the WhatsApp message was directed primarily towards Petitioner's brother and only secondarily towards his family. The message states that the ex-boyfriend will give Petitioner's brother "a beating" the next time the ex-boyfriend sees him for his failure to provide Petitioner's sister's contact information. The message also warns that the ex-boyfriend "will be waiting" for Petitioner's sister "or anyone of her family" to return, as "no one messes with the Mara Salvatrucha 13." Although threatening, the message does not mention any family members by name or specify the threatened future harm. The record also does not include evidence that Petitioner or anyone in his family has received any other threats from MS-13 gang members since then. Thus, substantial evidence supports the BIA's finding that Petitioner's fear of harm was "too speculative" to support his claims for relief. *Id.* at 1116.

Without a showing of "a well-founded fear of future persecution" for asylum, Petitioner's withholding claim necessarily fails as well. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021) ("The 'clear probability' standard for withholding is a more stringent burden of proof than the standard for asylum, which does not require that the applicant demonstrate that harm would be more likely than not to occur.").

Finally, substantial evidence also supports the BIA's denial of CAT relief. To obtain CAT relief, Petitioner must show that it is more likely than not that he would be tortured by or with the acquiescence of the Salvadoran government if removed. *See id.* at 1147. Petitioner received his threats from private actors, and the record evidence does not compel the conclusion that Salvadoran officials would acquiesce in Petitioner's torture by the MS-13 gang if he returned to El Salvador. *See Manzano*, 104 F.4th at 1206. Although the record includes evidence that the Salvadoran government has difficulty controlling gangs, the record also includes evidence of efforts by the Salvadoran government to combat gang violence. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").

**PETITION DENIED.**